UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY LYNN MANTHEI,

       Petitioner,

v.                                                     Case No. 2:06-cv-270
                                                     HON. GORDON J. QUIST

JEFF WHITE,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Gregory Lynn Manthei filed this petition for writ of habeas corpus challenging the validity of his state court sentence for armed robbery. Petitioner was convicted after a plea of no contest and on July 27, 2005, was sentenced to a prison term of 60 to 150 months. Petitioner was sitting in the passenger vehicle of car outside an Admiral gas station when his co-defendant robbed a store employee at gunpoint of three hundred and fifty dollars. Petitioner's co-defendant entered the driver's side of the vehicle and drove away. The vehicle was pursued by police. Petitioner and his co-defendant were arrested.

Petitioner maintains that his sentence was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner claims that his due process, equal protection and other rights were violated by the scoring of points during sentencing, and that the constitution was violated by his 50 to 150 month sentence when the court failed to consider the facts regarding the offense.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on

the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.529 provides for punishment of imprisonment for life or for any term of years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24. Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

Petitioner argues that his sentence violated the Eighth Amendment by being disproportionate to the crime. In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the United States Supreme Court stated that the law regarding proportionality was not clearly established for purposes of a habeas analysis under § 2254(d)(1) except that a gross proportionality principle is applicable to a sentence for a term of years. *Id.* at 71. However, "in determining whether a particular sentence

for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." *Id.* The Supreme Court stated:

> Our cases exhibit a lack of clarity regarding what factors may indicate gross disproportionality. In *Solem*[1] (the case upon which Andrade relies most heavily), we stated: "it is clear that a 25-year sentence generally is more severe than a 15-year sentence, but in most cases it would be difficult to decide that the former violates the Eighth Amendment while the latter does not." And in *Harmelin*[2], both Justice KENNEDY and Justice SCALIA repeatedly emphasized this lack of clarity: that "*Solem* was scarcely the expression of clear . . . constitutional law," that in "adher[ing] to the narrow proportionality principle . . . our proportionality decisions have not been clear or consistent in all respects," that we "lack clear objective standards to distinguish between sentences for different terms of years," and that the "precise contours" of the proportionality principle "are unclear."
>
> Thus, in this case, the only relevant clearly established law amenable to the "contrary to" or "unreasonable application of" framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the "exceedingly rare" and "extreme' case.

*Id.* at 72-73 (citations omitted). The Supreme Court further noted that state legislatures have "broad discretion to fashion sentences that fit within the scope of proportionality principle - - the 'precise contours' of which 'are unclear.'" *Id.* at 76. Petitioner has failed to show that his sentence violated the constitution or was disproportionate to the crime.

Moreover, the Sixth Circuit has concluded that a sentence that falls within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

---

[1] *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001 (1983).

[2] *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680 (1991).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has not shown that his sentence violated the constitution. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
        TIMOTHY P. GREELEY  
        UNITED STATES MAGISTRATE JUDGE

Dated:   April 28, 2009